

FILED
Scott L. Poff, Clerk
United States District Court

*By crobinson at 9:09 am, Jan 09, 2020*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

JAMES F. HUMPHREY,

      Petitioner,

      v.

VANCE LAUGHLIN; and TIMOTHY C.
WARD,

      Respondents.

CIVIL ACTION NO.: 6:18-cv-117

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Humphrey ("Humphrey"), who is currently incarcerated at Wheeler Correctional Facility in Alamo, Georgia, filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, challenging his Toombs County, Georgia conviction. Doc. 1. Respondents filed an Answer-Response and a Motion to Dismiss. Docs. 7, 8. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondents' Motion to Dismiss, **DISMISS** Humphrey's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Humphrey *in forma pauperis* status on appeal and a Certificate of Appealability.

## BACKGROUND

Humphrey was convicted on March 23, 2000 for malice murder and armed robbery in the Toombs County Superior Court after entry of a guilty plea. Doc. 1 at 1, 2. On this same date, the trial court sentenced Humphrey to two concurrent life sentences. Id. at 1.

Humphrey filed a state petition for writ of habeas corpus in the Telfair County Superior Court, raising as claims that his plea was not entered into voluntarily, knowingly, or intelligently,

there was no factual basis for the charged offenses, and his counsel provided ineffective assistance. Id. at 2. The Telfair County court denied his petition on February 15, 2007. Id. The Georgia Supreme Court denied Humphrey's certificate of probable cause to appeal on June 6, 2007. Id.

Humphrey filed a § 2254 petition in this Court on June 29, 2007. Pet., Humphrey v. Burnette, 6:07-cv-39 (S.D. Ga. June 29, 2007), ECF No. 1. In that petition, Humphrey stated he was not informed of the elements of the charged crimes. Id. This Court denied Humphrey's petition as being untimely filed. R. & R. and Order, Humphrey v. Burnette, 6:07-cv-39 (S.D. Ga. Dec. 7 and 27, 2007), ECF Nos. 17, 20.

On April 11, 2017, Humphrey filed a "motion to vacate void sentence" in the Wheeler County Superior Court. Doc. 1 at 3. In that motion, Humphrey raised the same issues as he did in his Telfair County petition. Humphrey also claimed he was not given the oath during his plea hearing, the transcript did not have the court reporter's seal on it, his plea was based on his illegally-obtained confession, he was not informed of his right to appeal, and he was not evaluated for competency. Id. The Wheeler County court dismissed Humphrey's motion (which that court considered to be a habeas petition) as untimely, and the Georgia Supreme Court dismissed his appeal on September 24, 2018. Id. at 3–4; Doc. 1-1 at 3; https://scweb.gasupreme.org:8088/results_one_record.php?caseNumber=S18H0552, last accessed Jan. 9, 2020.

**DISCUSSION**

In his Petition, which was filed on November 21, 2018, Humphrey asserts his sentence is void and his conviction is a nullity because the court did not swear him in at the guilty plea hearing and the transcript does not bear the court reporter's name or company seal. Doc. 1 at 5.

Humphrey states his plea was not entered into knowingly, voluntarily, or intelligently because there were no facts supporting the charges and he was threatened with the death penalty if he did not enter a plea. Id. at 7, 8. In addition, Humphrey contends the trial court used a transcript an agent transcribed, which should have been deemed inadmissible. Id. at 10. Humphrey alleges he was not informed of his right to appeal or to withdraw his plea, his attorney did not have a competency evaluation done, he is being held in violation of the Constitution, he was not informed of his Miranda rights before he was interviewed, and his attorney was generally ineffective. Id. at 12–14.

Respondents assert Humphrey's Petition should be dismissed as an unauthorized successive petition under 28 U.S.C. § 2244(b). Doc. 8. In his Response, Humphry asserts he has not filed a § 2254, but what he did file "in his state petition was a mere nullity void conviction and sentence[sic] . . . ."[1] Doc. 12 at 1–2. Humphrey also discusses statute of limitations issues. Id. at 4–6.

## I.    Whether Humphrey is Barred from Bringing his Petition

Before a second or successive application is filed in a district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis supplied). The "phrase 'second or successive' . . . refers to a second or successive petition challenging the same state-court judgment." Romero v. Ford, 735 F. App'x 696, 696 (11th Cir. 2018). This "gatekeeping" requirement transfers a second or successive application from the district court to the court of appeals, pursuant to 28 U.S.C. §1631, as a motion for authorization to proceed in district court.

---

[1]    This assertion differs slightly from Humphrey's Petition, in which he acknowledges he filed his "first habeas in 2007" in this Court. Doc. 1 at 15. This discrepancy is of no moment, however, as Humphrey clearly filed a § 2254 petition in this Court on a previous occasion.

See <u>Felker v. Turpin</u>, 518 U.S. 651, 664 (1996). "If applicable, section 1631 authorizes a

transfer that is in the interest of justice." <u>Guenther v. Holt</u>, 173 F.3d 1328, 1330–31 (11th Cir.

1999). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C.

§ 2244(b). This Section provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed, unless:

>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

Humphrey filed a previous § 2254 petition in this Court and raised as his ground for relief

that he was not informed of the elements of the charged crimes. <u>Humphrey v. Burnette</u>, 6:07-cv-

39 (S.D. Ga. June 29, 2007), ECF No. 1. This Court denied Humphrey's petition as untimely.

<u>Id.</u>, ECF Nos. 17, 20. However, Humphrey has failed to move the Eleventh Circuit Court of

Appeals for an order authorizing this Court to entertain his second or successive petition,[2] 28

---

4        A dismissal with prejudice of a prior petition makes any subsequent petition second or successive. <u>Guenther</u>, 173 F.3d at 1329. Humphrey's previously-filed petition was denied as untimely, which is a dismissal with prejudice. <u>See</u> <u>Romero</u>, 735 F. App'x at 697 (noting that a previous denial with prejudice as untimely requires authorization from the Eleventh Circuit Court of Appeals to file a second or successive § 2254 petition)

U.S.C. § 2244(b)(3), and this Court is "not at liberty to consider it." Smalls v. St. Lawrence, No. CV412-058, 2012 WL 1119766, at \*1 (S.D. Ga. Feb. 27, 2012). Additionally, it is not permissible for this Court to transfer this petition to the Court of Appeals. Humphrey's Petition is barred under the gatekeeping provision of § 2244(b)(3)(A). The claims for relief in this cause of action would be dismissed under to §§ 2244(b)(1) and (2).

For these reasons, the Court should **GRANT** Respondents' Motion to Dismiss and **DISMISS** Humphrey's Petition.

## II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Humphrey leave to appeal *in forma pauperis* and deny him a Certificate of Appealability. Though Humphrey has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not

brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Humphrey's Petition and Respondents' Motion to Dismiss and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Humphrey *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondents' Motion to Dismiss, **DISMISS** Humphrey's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Humphrey leave to proceed *in forma pauperis* and a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 9th day of January, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA