IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| JAMES F. HUMPHREY, | |
| Petitioner, | CIVIL ACTION NO.: 6:18-cv-117 |
| v. | |
| VANCE LAUGHLIN; and TIMOTHY C. WARD, | |
| Respondents. | |

**O R D E R**

On January 9, 2020, the United States Magistrate Judge issued a Report and Recommendation recommending the dismissal of Petitioner's 28 U.S.C. § 2254 petition for lack of jurisdiction because Petitioner had previously been denied habeas relief and had not received permission from the United States Court of Appeals for the Eleventh Circuit to pursue a successive § 2254 petition. (Doc. 14, pp. 3–5.) The Court adopted the Report and Recommendation on February 4, 2019, and the case was dismissed. (Doc. 16.) At the conclusion of the Adoption Order, the Court denied Petitioner *in forma pauperis* status on appeal and a Certificate of Appealability. (Id. at p. 2.) Thereafter, Petitioner filed a Motion "for a Certificate of Appealability and to proceed *In forma pauperis*."[1] (Doc. 21, p. 9.) As this Motion presents arguments not

---

[1] Petitioner captions his Motion as one for "Leave of Court to Appeal the District Court's Order Because Justice Must be Met." (Doc. 21, p. 1.) He also includes a second caption requesting "Leave of Court to Appeal the District Court's Order Denying Petitioner's *In forma pauperis* and Certificate of Appealability." (Id. at p. 9.) "Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). Courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381–82). After reviewing

addressed in the Court's Adoption Order, the Court will again consider whether to grant a Certificate of Appealability.[2]  For the following reasons, the Court again **DENIES** Petitioner a Certificate of Appealability.

The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Id. at 327.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In support of his Motion, Petitioner attached a Georgia Supreme Court order dismissing an application for a certificate of probable cause that had been submitted by an individual named Omar Edward.  (Doc. 21, p. 5.)  Petitioner also included Edward's Inmate Mail History from the Wheeler County Correctional Facility.  (Id. at p. 6.)  Petitioner acknowledges that neither of these documents directly pertain to him, but he argues that they show a larger pattern of Wheeler County Correctional Facility altering dates of outgoing mail.  (Id. at p. 2.)  Regardless of what these

---

Petitioner's Motion, the Court construes it as making a request for the Court to reconsider its denial of a Certificate of Appealability and *in forma pauperis* status on appeal.

[2] Petitioner also seeks *in forma pauperis* status on appeal.  The Magistrate Judge previously denied him *in forma pauperis* status when the action began.  (Doc. 4.)  Where a court denied a party *in forma pauperis* status during the district-court action, a party "who desires to appeal *in forma pauperis* must file a motion in the district court."  Fed. R. App. P. 24(a)(1).  The party must attach an affidavit that shows, among other things, "the party's inability to pay or to give security for fees and costs."  Id.  Here, Petitioner did not include this affidavit with his motion.  Thus, the Court again **DENIES** Petitioner *in forma pauperis* status on appeal. (Doc. 21.)  Moreover, the Court's finding that Plaintiff is not entitled to a Certificate of Appealability, provides additional grounds for denying him *in forma pauperis* status on appeal.

2

documents may or may not reveal, however, they do not change that the Court "lacks jurisdiction to decide a second or successive [Section 2254] petition filed without [the Eleventh Circuit's] authorization." Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014). As the attached documents provide no evidence that Petitioner sought and received permission from the Eleventh Circuit to pursue another Section 2254 petition, they are irrelevant to the inquiry at hand.

Petitioner next argues that the Court wrongly dismissed this case for lack of jurisdiction because it incorrectly construed his case in the Superior Court of Wheeler County as a habeas corpus petition. (Doc. 21, p. 16.) However, as the Magistrate Judge made clear, Petitioner previously filed a Section 2254 petition in this Court on June 29, 2007. (Doc. 14, p. 2.) The Court subsequently denied that petition. See Humphrey v. Burnette, No. CV607-039, 2007 WL 4580032, at *1 (S.D. Ga. Dec. 27, 2007). Thus, regardless of what Petitioner may have filed in the Superior Court of Wheeler County, it is clear that Petitioner filed successive Section 2254 petitions in this Court. Because of this, the Court did not have jurisdiction over Petitioner's second one and appropriately dismissed it.

Finally, Petitioner asserts that the Court erred by not addressing each claim within his Section 2254 petition. (Doc. 21, p. 21.) In support of this argument, Petitioner cites Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992). In Clisby, the district court granted habeas relief based on one of the petitioner's claims and reserved judgment on his remaining claims. Id. at 935. After noting concern about the piecemeal nature of federal habeas petition litigation, the Eleventh Circuit "instruct[ed] the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988), regardless whether habeas relief is granted or denied." Id. at 936. Here, unlike in Clisby, the Court never reached the merits of any of Petitioner's claims

and instead dismissed the petition for lack of jurisdiction. Petitioner points to no basis for applying Clisby to situations where a court lacks jurisdiction because a petitioner has filed a successive petition. After reviewing the caselaw, the Court also finds no such grounds. Because of this, Petitioner's argument for appeal based on Clisby is without merit.

Ultimately, Petitioner has not shown that a reasonable jurist could find that the Court erred by dismissing his claim for lack of jurisdiction. Thus, for the above reasons and for the reasons provided in the Adoption Order, the Court again **DENIES** Petitioner *in forma pauperis* status on appeal and a Certificate of Appealability. (Doc. 21.)

**SO ORDERED**, this 16th day of April, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA